UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JEREMY SCHAPP and JAMES COE, on behalf of themselves and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. 6:12-CV-0841 (LEK/DEP) |
| v. | § § | JURY TRIAL DEMANDED |
| MASTEC SERVICES COMPANY, INC. and HALSTED COMMUNICATIONS, LTD. | § § § § § | |
| Defendants. | | |

**P**LAINTIFFS' ORIGINAL COLLECTIVE ACTION AND **C**LASS **A**CTION COMPLAINT

### I.  S**UMMARY**

1.  Plaintiffs and the employees they seek to represent are current or former employees of Defendants MasTec Services Company, Inc. (hereinafter "MasTec") and Halsted Communications, LTD. (hereinafter "Halsted") who worked as Satellite and or Cable Installation Technicians within the past six (6) years ("Installation Technicians"). Defendants knowingly, deliberately, and voluntarily failed to pay installation workers for all hours worked, including time spent on work performed at home and subsequent travel time, and failed to compensate employees for all overtime hours worked.

2.  Plaintiffs allege, on behalf of themselves and all other similarly situated hourly employees of Defendants, that Defendants failed and refused to pay them straight time compensation for all hours worked and failed and refused to pay them and all other similarly situated hourly employees overtime pay for overtime worked.

3.      Plaintiffs seek to recover unpaid wages and other damages owed under the Fair Labor Standards Act (FLSA) as a 29 U.S.C. 216(b) collective action and the New York Labor Law (NYLL) as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4.      In June of 2011, Defendant MasTec acquired Defendant Halsted.

## II. JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. and pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d).  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.      The Northern District of New York has personal jurisdiction over MasTec because it does business in New York and in this judicial district.  Additionally, Plaintiffs Jeremy Schapp and James Coe live and work in the Northern District of New York.

7.      The Northern District of New York has personal jurisdiction over Halsted because it does business in New York and in this judicial district.

8.      Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District, including many of the wrongs herein alleged.

9.      The proposed class action includes a total number of plaintiffs in excess of 100.

10.     The amount in controversy, once the individual claims are aggregated, is in excess of $5,000,000, exclusive of interests and costs.

11.     Both named Plaintiffs are residents of a state that is different than the state of residence of MasTec.

### III. PARTIES

12.     At all times relevant herein, Plaintiff Jeremy Schaap is an employee of Defendant MasTec and/or Defendant Halsted.  Mr. Schaap is a resident of Oneida County, New York.  During his employment with Defendants, Mr. Schaap regularly worked periods of time for which he was not compensated and regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by Federal and New York law.

13.     At all times relevant herein, Plaintiff James Coe has been an employee of Defendant MasTec and/or Defendant Halsted.  Mr. Coe is a resident of Chenango County, New York.  Defendants currently employ Mr. Coe as an Installation Technician. Mr. Coe's employment with Defendants began in October of 2010.  During his employment with the Defendants, Mr. Coe regularly worked periods of time for which he was not compensated and regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by Federal and New York law.

14.     Plaintiffs and all other Installation Technicians were subject to a compensation policy instituted by the Defendants which, by its terms, did not legally compensate Installation Technicians for all hours worked from the time they began performing their first employment activity of the day through the completion of their last employment activity of the day.  For example, the Defendants' compensation policy does not compensate Installation Technicians for certain mandated tasks they are required to perform at their homes to commence and conclude their workdays.

15.     The Class Members are current and former Installation Technician employees of the Defendants, and others who performed similar functions but who may have different job titles, who were subject to the policy of non-compensation for work performed or who were suffered or

permitted to work by the Defendants and not paid their regular or statutorily required rate of pay for all hours worked. Additionally, the Class Members are those current and former employees of Defendants who worked in excess of forty hours in one or more work weeks but were not paid overtime at the statutory rate directed by the FLSA and the NYLL.

16. At all relevant times, Plaintiffs and the Class Members were "employees" of the Defendants as defined by 29 U.S.C. § 203(e) and NYLL §§ 190(2) and 651(5).

17. Defendant MasTec is a corporation organized under the laws of Florida with its corporate headquarters at MasTec, Inc., 800 S. Douglas Rd, 12th Floor, Coral Gables, FL 33134. MasTec's registered agent for service of process in New York is Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

18. At all relevant times, MasTec was and is an "employer" of Plaintiffs and Class Members as defined by 29 U.S.C. § 203(d) and NYLL §§190(3) and 651(6).

19. Prior to the MasTec acquisition, Defendant Halsted was a corporation organized under the laws of New York.

20. Defendant Halsted's registered agent for service of process in New York is Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

21. At all relevant times, Halsted was and is an "employer" of Plaintiffs and Class Members as defined by 29 U.S.C. § 203(d) and NYLL §§190(3) and 651(6).

22. Upon information and belief, Defendants employ or employed the Plaintiffs and the putative Class Members in this action.

## IV. FACTS

23. MasTec is a national infrastructure construction company that services the sewer, energy, water, communications and government sectors throughout the Northern District of New York

and the state of New York. MasTec's primary business is the design, engineering, installation, and maintenance of internal and external telecommunications and energy networks that serve as the basis for telecommunications, Internet and energy systems.

24. Halsted is an installation contractor which primarily installs services provided by DIRECTV. Halsted provides Installation Technicians for DIRECTV in New York, Pennsylvania, and New England.

25. In June of 2011, MasTec acquired Halsted for a total consideration of approximately 14.6 million dollars. An important basis for the acquisition was to further MasTec's relationship with DIRECTV.

26. To install satellite television systems and equipment, the Defendants employ Installation Technicians. All of the Installation Technicians perform the same basic job functions, namely the installation, testing, troubleshooting, repairing, and upgrading of equipment that receives satellite signals for residential and business purposes. Within the applicable limitations periods, Defendants have employed more than 100 Installation Technicians in New York.

27. Defendants' Installation Technicians are entitled to their agreed upon piece rate for all the work they perform. As non-exempt employees, the Installation Technicians are also entitled to overtime for each hour worked in excess of forty in a workweek. However, Defendants failed to compensate its Installation Technicians as required by New York and Federal Law.

28. Defendants only permit their Installation Technicians to officially begin their workday in one of two ways. First, an Installation Technician is permitted to "clock-in" at a distribution facility where he picks up the parts necessary for the day's work. Second, an Installation Technician is permitted to "clock-in" when he arrives at the first scheduled job for the day.

29. Defendants require their employees to "clock out" once they complete their final job of the day, before they drive to their homes.

30. Defendants require Installation Technicians to commence and conclude their work day by performing work at their homes despite not permitting them to "clock-in" to cover those times.

31. Installation Technicians perform substantial work activities at home without compensation which are an integral and indispensable part of their principal job including, but not limited to, the following: (a) reviewing and replying to emails from various members of Defendants' management which contain urgent and necessary instructions for duties, tasks, projects, and orders for the day; (b) downloading and printing out certain instruction sheets and other material for use during the day; (c) syncing the Installation Technician's PDA (a handheld electronic device used to record information in the field) with Defendants' system; (d) loading and unloading certain required materials and tools into the Installation Technician's vehicle; (e) electronically acknowledging work orders from Defendants; (f) calling the multiple customers assigned for each day to discuss the work, problems, and estimated time of arrival; and (g) contacting Defendants' dispatch.  All these activities must be done immediately before departing for the first service call or arriving at the Defendants' office.

32. Defendants assign jobs to Installation Technicians on a continuous basis throughout the night.  Indeed, Defendants assign jobs to Installation Technicians right up to the point that the Installation Technicians leave their homes.  Therefore, Installation Technicians must check their job queues in the morning immediately before departing.  Installation Technicians are also not allowed to contact customers too early because doing so would wake up customers.

33. An Installation Technician must complete this daily email, downloading, printing, and syncing routine using his or her personal computer connected to his or her personal internet

account. The possession and use of a personal computer in this manner is a term and condition of employment established by the Defendants for all Installation Technicians.

34. Such daily activities and other preliminary tasks performed by Installation Technicians are integral and indispensable to performing their job. It is through these activities that Installation Technicians learn of instructions, orders, and feedback from their supervisors and the company.

35. Defendants' employees are not compensated for this time spent working in the morning.

36. Defendants do not compensate Installation Technicians for the drive from their homes to their first jobs or to the Defendants' office.

37. After performing Defendants' required morning duties, the Installation Technicians travel to one of three places. First, they may travel to a distribution facility to collect equipment necessary for that day's work. Second, they may travel directly to the first installation job of the day. Third, they may contact another Installation Technician and arrange a meeting in order to exchange equipment to avoid traveling to a distant distribution facility. The first two options allow an Installation Technician to "clock-in" with Defendants, the third does not. When an Installation Technician, due to the distance to the distribution facility, is required to rendezvous with another Technician, he is prohibited from "clocking-in" until he arrives at his first assigned job of the day, pursuant to Defendants' common policy.

38. After an Installation Technician completes his last installation or service job of the day, he "clocks out" and returns to his home.

39. Defendants additionally require Installation Technicians to perform important and indispensable tasks that are integral to the performance of their principal duties after they return home from their last installation job of the day. Specifically, Defendants require Installation

Technicians to perform work that may include, but is not limited to, reviewing and responding to emails from various members of management and drafting and submitting various reports.

40. Defendants also do not pay their Installation Technicians for the time spent traveling from the last customer job site to their homes, even though Defendants require that Installation Technicians complete additional work once they return home.

41. When an Installation Technician works more than ten hours in a single work day, he is not paid according to the New York Department of Labor spread of hour regulations. N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4.

42. By failing to pay their Installation Technicians for all hours worked, and time and a half for each overtime hour worked, Defendants violated and continue to violate the FLSA and the NYLL.

## V. COLLECTIVE ACTION ALLEGATIONS

43. Plaintiffs brings this complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendants as an Installation Technician, or in substantially similar positions, within three (3) years from the commencement of this action up to the present who have not been compensated at the federally established minimum wage and for all hours worked.

44. Plaintiffs also bring this complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as an Installation Technician, or in substantially similar positions, within three years from the commencement of this action up to the present who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

45. Pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), this complaint may be brought as an "opt-in" collective action for all claims asserted by Plaintiffs because their claims are similar to the claims of the putative plaintiffs of the representative action.

46. Plaintiffs are similarly situated to the putative Plaintiffs working as Installation Technicians for Defendants. They were subject to Defendants' common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation the FLSA. Plaintiffs and the putative plaintiffs were victims of a common policy or plan that violated the law.

47. The names and addresses of the putative members of the representative action are available from Defendants. To the extent required by law, notice will be provided to these individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## VI. CLASS ACTION ALLEGATIONS

48. The claims arising under the New York State Labor Law are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

49. Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and seek to certify a class as follows:

> **All Installation Technicians, and other employees in substantially similar positions, employed by Defendants in New York during the six years prior to the commencement of this suit up to the present.**

50. Defendants' policy of failing to pay for all hours worked affects members of the Class in a substantially similar manner. Plaintiffs and the Class Members have claims based on the same

legal and remedial theories. Plaintiffs and Class Members have claims based on the same facts. Plaintiffs' claims are therefore typical of the Class Members.

51. Although Plaintiffs do not know the precise number of members of the proposed class, there are hundreds and the members of the class are numerous and geographically dispersed across the state so that joinder is impracticable. The identity of the members of the class is readily discernible from Defendants' records.

52. Plaintiffs and the Class Members on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

53. If individual actions were required to be brought by each of the similarly-situated persons affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class Members are entitled.

54. There are questions of law and fact that are common to all members of the proposed class, and these questions predominate over any question affecting only individual class members.

55. Plaintiffs will fairly and adequately protect the interests of the proposed class in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiffs have no interests antagonistic to the members of the proposed classes. Plaintiffs are committed to the vigorous prosecution of this case as a class action and have retained counsel who are experienced in class action litigation in general and wage and hour litigation in particular.

56.     The Class Action is a superior form to resolve the NYLL claims because of the common nucleus of operative fact centered on the continued failure of Defendants to pay Installation Technicians according the provisions of the NYLL and the FLSA.

57.     The Installation Technicians herein seeking class status are seeking to remedy a common legal grievance.

58.     Defendants' policy of refusing to pay legally required wages to its employees provides a common factual and causal link between all the Class Members which positions them in opposition to Defendants.

59.     In this action, common issues will be the object of the majority of the efforts of the litigants and the Court.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting in inconsistent judgments pertaining to the Defendants' policies.

## VII.  CAUSES OF ACTION

### Count I
### Violation of the Fair Labor Standards Act
### Failure to Pay the Minimum Wage
### (Collective Action)

60.     Plaintiffs incorporate the preceding paragraphs by reference.

61.     At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62.     At all relevant times, Defendants have employed and/or continue to employ employees and each of the putative members of this FLSA representative action.

63. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

64. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for each hour worked at an hourly rate.

65. Defendants classify Plaintiffs as non-exempt employees.

66. Defendants classify the other Installation Technicians under their employment as non-exempt employees.

67. Plaintiffs and the putative members of this FLSA representative action are not exempt from the right to be paid for all hours worked under the FLSA.

68. As a result of Defendants' failure to compensate their Installation Technicians, including Plaintiffs and all similarly situated employees, for all hours worked in a work week, Defendants have violated, and continue to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

69. It is apparent that Defendants' policy of not compensating Installation Technicians for work done "off the clock" in the morning and evening denies them from compensation for all work performed. Specifically, this policy denies compensation even though the work Defendants' employees are required to perform at their homes on a daily basis is indispensable and integral to the performance of their principle work activity.

70. An Installation Technician's workday does not end until after they have completed their end-of-day work, which must be performed at their home after returning from various jobsites. This end-of-day work is indispensable and integral to the performance of their principal work activity.

71. Defendants expressly restrict Plaintiffs and all similarly situated employees from obtaining payment to perform the initial and end-of-day tasks alleged above. The exclusion of such work time is a violation of the FLSA.

72. Defendants' method of paying Plaintiffs and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

73. Plaintiffs will seek to certify Count I, violation of the minimum wage provisions of the FLSA as collective action and ask the court to determine the rights of the putative plaintiffs pursuant to the FLSA, award all damages, including but not limited to liquidated damages, and to direct Defendants to account for all back wages, prejudgment interest and other damages due to Plaintiffs and the other employees they represent.

## Count II
## Violation of the Fair Labor Standards Act
## Overtime
## (Collective Action)

74. Plaintiffs incorporate the preceding paragraphs by reference.

75. This count arises from Defendants' violation of the FLSA 29 U.S.C. 201, et seq., for their failure to pay Plaintiffs and the members of the Class all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks.

76. For all the time worked in excess of 40 hours in individual workweeks, Plaintiffs and the Class members were entitled to be paid one and one-half times their regular rates of pay.

77. Defendants violated the FLSA by failing to compensate Plaintiffs and the Class members consistent with the FLSA with respect to the amount of work actually performed over 40 hours per week.

78. Defendants' failure to pay overtime to Plaintiffs and the Class Members, in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

79. Plaintiffs will seek to certify Count II, violation of the overtime provisions of the FLSA, as a collective action and ask the Court to determine the rights of the class pursuant to the FLSA, determine any damages due, and to direct Defendants to account for all back wages, penalties and prejudgment interest thereon due to Plaintiffs and the other employees they represent.

## Count III
## Violation of the New York Labor Law
## Overtime
## (Class Action)

80. Plaintiffs incorporate the preceding paragraphs by reference.

81. This count arises from Defendants' violation of the NYLL Art. 6, Section 191, for their failure to pay Plaintiffs and the Class Members all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks. For all the time worked in excess of 40 hours in individual workweeks, Plaintiffs and the Class Members were entitled to be paid one and one-half times their regular rates of pay. In addition, the Class is entitled to receive liquidated damages.

82. Defendants have violated the NYLL by failing to compensate Plaintiff and the Class Members consistent with the maximum hour provisions decreed in the NYLL.

83. Plaintiffs will seek to certify Count III, a violation of the overtime provisions of the NYLL, as a class action and ask the Court to determine the rights of the class pursuant to the NYLL, award all damages due, including, but not limited to, liquidated damages, and to direct

Defendants to account for all back wages, prejudgment interests and all other damages due to Plaintiffs and the class they represent.

## Count IV
### Violation of the New York Labor Law
### "Agreed Rate" Provisions
### (Class Action)

84. Plaintiffs incorporate the preceding paragraphs by reference.

85. The count arises from Defendants' violation of the NYLL Art. 6, Section 191, for their failure to pay Plaintiff and the Class Members for all hours worked. Plaintiff and the Class Members were entitled to be paid their agreed upon hourly rates of pay for all time worked.

86. Defendants violated the NYLL by failing to compensate Plaintiffs and the Class Members for all hours worked.

87. The Plaintiffs' and Class Members agreed upon wage rate and/or overtime compensation rate was within the meaning of NYLL §§ 190 and 191.

88. Pursuant to NYLL § 191, employees, such as the Plaintiffs and Class Members are entitled to be paid all their weekly wages no later than seven calendar days after the end of the week in which the wages are earned.

89. In failing to pay the Plaintiffs and Class Members proper wages for the time actually worked in each week, Defendants violated NYLL § 191 because Defendants failed to pay the Plaintiffs and other members of the putative class all of their wages earned within the week such wages were due.

90. Plaintiffs will seek to certify Count IV, a violation of the provisions of NYLL § 191, as a class action and ask the Court to determine the rights of the class pursuant to the NYLL, award all damages due, including, but not limited to, liquidated damages, and to direct Defendants to

account for all back wages, prejudgment interest and all other damages due to the Plaintiffs and the class they represent.

**Count V**
**Violation of the New York Labor Law**
**Spread of Hours**
**(Class Action)**

91.     Plaintiffs incorporate the preceding paragraphs by reference.

92.     This count arises from Defendants' violation of the NYLL, specifically Defendants' violation of New York State Department of Labor Regulation § 142-2.4, which stipulates that an employee shall receive one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which said employee works for ten or more hours.

93.     Defendants violated the NYLL by failing to comply with their obligation to pay Plaintiffs and the Class Members the additional hour of wages required by N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 on those days when Plaintiffs and Class Members in fact worked for ten or more hours.

94.     Plaintiffs will seek to certify Count V, a violation of the NYLL and associated regulations, including N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4, as a class action and ask the Court to determine the rights of the class pursuant to the NYLL, award all damages due, including, but not limited to, liquidated damages, and to direct Defendants to account for all back wages, prejudgment interests and all other damages due to Plaintiffs and the class they represent.

**VIII.  JURY DEMAND**

95.     Plaintiffs hereby demand trial by jury.

**IX.  PRAYER FOR RELIEF**

96.     For these reasons, Plaintiffs, on behalf of themselves and all proposed members of the FLSA collective action and NYLL class action, pray for relief as follows:

A. With Respect to the FLSA violations:

   i. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issue of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   ii. Designation of Plaintiffs Jeremy Schaap and James Coe as Representative Plaintiffs of the putative members of the FLSA representative action;

   iii. A declaratory judgment that the practices complained of in this complaint are unlawful under the FLSA;

   iv. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in the unlawful practice, policy, and pattern detailed in this complaint;

   v. Recovery of unpaid regular and overtime compensation;

   vi. An award of damages equal to all unpaid and overtime wages as liquidated damages as provided for in 29 U.S.C. § 216(b);

   vii. Recovery of attorneys' fees and costs as provided for in 29 U.S.C. § 216(b);

   viii. Pre-judgment and post-judgment interest at the highest rate permitted by law; and

    ix. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

B. With Respect to the Class, Plaintiffs pray as follows:

    i. Certification of this action as a Class Action;

    ii. Designation of the Named Plaintiffs, Jeremy Schaap and James Coe, as class representatives;

    iii. Designation of the undersigned counsel as class counsel; and

    iv. Entrance of a declaratory judgment that the actions complained of herein are unlawful.

C. With Respect to the New York State claims, Plaintiffs pray as follows:

    i. Grant of judgment to the named Plaintiffs and Class members including awarding statutory, compensatory and liquidated damages as provided for in NYLL § 198(a-1);

    ii. Award of pre-judgment and post-judgment interest, at the highest rate provided by law; and

    iii. Awarding of Plaintiffs their attorneys' fees and costs of suit, including expert fees.

Respectfully submitted,

**SATTER & ANDREWS, LLP**

/s Ross_P. Andrews_____
Ross P. Andrews
Bar Roll No. 506874
217 S. Salina St., 6th Fl.
Syracuse, NY  13202
(315) 471-0405 (tel.)
(315) 471-7849 (fax.)
randrews@satterandrews.com

Attorneys for the Plaintiffs and the Proposed Class

**OF COUNSEL:**

**KENNEDY HODGES, L.L.P.**

/s Galvin_B. Kennedy_____
Galvin B. Kennedy
gkennedy@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
711 W. Alabama
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile: 713-523-1116