# KENNEDY HODGES, L.L.P.
ATTORNEYS

| | |
|---|---|
| GALVIN B. KENNEDY*† | 711 WEST ALABAMA STREET |
| DAVID W. HODGES*† | HOUSTON, TEXAS 77006-5005 |
| DON J. FOTY*† | TELEPHONE:   (713) 523-0001 |
| GABRIEL A. ASSAAD‡ | FACSIMILE:   (713) 523-1116 |
| JOHN A. NEUMAN | TOLL FREE:   (877) 342-2020 |
| KAREN NUDELMAN | KENNEDYHODGES.COM |
| BEATRIZ A. SOSA-MORRIS | TEXASOVERTIMEATTORNEY.COM |

*Board Certified. Personal Injury Trial Law –    † Partner          ‡ Also Licensed in Virginia and
 Texas Board of Legal Specialization                                    District of Columbia

September 11, 2013

Hon. Lawrence E. Kahn, U.S.D.J.
James T. Foley U.S. Courthouse
445 Broadway, Room 424
Albany, New York 12207-2926

> Re:   Schapp, et al. v. MasTec Services Company, Inc., et al.
>        Civil Action No. 6:12-cv-0841 (LEK/DEP)
>        Our File No.: 10350.0072

Dear Judge Kahn:

I represent the Plaintiffs in the above-captioned action. I am responding to the status of the case and the current posture of the Dispute Resolution Policy which contains the class waiver and the arbitration agreement that is the basis of Defendants' motion to dismiss. Although counsel represents both Defendants, MasTec Services Company, Inc. ("MasTec") and Halsted, Inc., there is only an arbitration agreement with MasTec. There is no arbitration agreement signed by the Plaintiffs with respect to their employment with Halsted and therefore there is no basis to stay or dismiss claims against Halsted.

Furthermore, on June 3, 2013, Judge Joel P. Biblowitz held that MasTec's Dispute Resolution Policy violated Section 8(a)(1) of the National Labor Relations Acts. <u>MasTec Services Co., Inc. & Noble Hobbs, an Individual</u>, 16-CA-86102, 2013 WL 2409181 (N.L.R.B. Div. of Judges June 3, 2013)(attached). Judge Biblowitz ordered MasTec to cease and desist

1

from maintaining or enforcing its Dispute Resolution Policy and to notify arbitral and judicial panels that it is withdrawing any objections to class or collective actions.  Id.  MasTec has filed an appeal to this NLRB Order; however, the outcome of this litigation will have an effect on this case and dismissal would be premature.

Unless the NLRB decision is overturned on appeal, the Dispute Resolution Policy that Defendant MasTec relies upon to dismiss or stay this action is invalid and cannot be used against the Plaintiffs to force them to go to arbitration.  Therefore, at the present time, this Court should not grant Defendant MasTec's motion.

Furthermore, Plaintiffs will like to point out that the Dispute Resolution Policy only apples to MasTec and not Defendant Halsted.  Therefore, this case should continue with respect to Defendant Halsted.

Respectfully submitted,

*/s/ Gabriel A. Assaad*

Gabriel A. Assaad

Page 1

2013 WL 2409181 (N.L.R.B. Div. of Judges)

National Labor Relations Board
Division of Judges
New York Branch Office

MASTEC SERVICES COMPANY, INC.
AND
NOBLE HOBBS, AN INDIVIDUAL

Case No.
16
-
CA
-
86102
JD(NY)-25-13
Ft. Worth, TX

June 3, 2013

Kelly Elifson, Esq., Counsel for the General Counsel.

Stefan Marculewicz, Esq. and Steven Kaplan, Esq., Littler Mendelson, P.C., Counsel for the Respondent.

Trang Tran, Esq., Counsel for the Charging Party.

**DECISION**

**Statement of the Case**

**Joel P. Biblowitz, Administrative Law Judge:** The parties herein waived a hearing and submitted this case directly to me by way of a Joint Motion and Stipulation of Facts dated April 19, 2013. The Complaint herein, which issued on February 26, 2013, and was based upon an unfair labor practice charge that was filed on July 26, 2012 [FN1] by Noble Hobbs, alleges that Mastec Services Company, Inc., herein called Respondent, maintained and enforced an employee handbook setting forth terms and conditions of employment requiring employees to resolve all employment related disputes by individual arbitration and forego any rights that they had to resolution of employment-related disputes by collective or class action. The Complaint also alleges that the Respondent required employees to sign an employee handbook acknowledgement form providing that employees would be bound to the Arbitration Policy described above, unless they opt out of the policy within 30 days of receiving the employee handbook. This is alleged to violate Section 8(a)(1) of the Act.

The Joint Stipulation provides as follows:

1. At all material times, Respondent has been a Florida corporation with a facility located in Ft. Worth, Texas and has been engaged in the business of installing satellite television services.

2. In conducting its operations during the 12 month period ending January 31, 2013, Respondent sold and shipped from its Ft. Worth, Texas facility goods valued in excess of $50,000 directly to points outside the State of Texas.

3. In conducting its operations during the 12 month period ending January 31, 2013, Respondent purchased and received at its Ft. Worth, Texas facility goods valued in excess of $50,000 directly from points outside the State of Texas.

4. At all material times Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

5. At all material times, the following individuals have been supervisors within the meaning of Section 2(11) of

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

the Act and/or agents of Respondent within the meaning of Section 2(13) of the Act:

| | |
|---|---|
| Jose R. Mas | Chief Executive Officer |
| Olga Lisa Stone-Velez | Regional Human Resources Manager |
| David Pressley | Metrics Performance Manager |

6. At all material times, Respondent has maintained and enforced an employee handbook setting forth terms and conditions of employment, which include a dispute resolution policy (the Arbitration Policy) that requires its employees at all of its facilities located throughout the United States to resolve all employment related disputes by individual arbitration and forego any rights they have to resolution of employment-related disputes by collective or class action.

7. At all material times, Respondent has required employees at all of its facilities located throughout the United States to sign an employee handbook acknowledgement form, which provides that employees would be bound to the Arbitration Policy described above, unless they opt out within 30 days of receiving the employee handbook.

8. On September 12, 2007, Charging Party signed an employee handbook acknowledgement form.

9. Charging Party did not opt out of the Arbitration Policy within 30 days of receiving the employee handbook.

10. Respondent terminated Charging Party in November 2009.

11. In July 2012, Charging Party, via his Counsel Trang Q. Tran, asserted a claim against Respondent concerning a wage dispute, and submitted a demand for arbitration in accordance with the terms of the Arbitration Policy.

12. Pursuant to the Arbitration Policy, and the facts set forth above in Paragraphs 6 through 9, Respondent maintained that Charging Party could not sue in a collective action and instead could only pursue his claim through an individual arbitration.

13. Prior to proceeding with the arbitration, Respondent and Charging Party settled his claim.

14. In connection with the settlement of his claim, Charging Party submitted a request to withdraw his unfair labor practice charge.

15. The Regional Director has not approved Charging Party's request to withdraw the charge because under the terms of the settlement of Charging Party's wage claim, there is no provision that addresses or remedies Respondent's maintenance and enforcement of the Arbitration Policy as alleged above in paragraphs 6 and 7, at issue in this case.

The Dispute Resolution Policy, at issue herein, states as follows:

> This Dispute Resolution Policy is governed by the Federal Arbitration Act, 9 U.S.C. § I et seq. This Policy applies to any dispute arising out of or related to Employee's employment with the Company or termination of employment. Except as it otherwise provides, this Policy requires all such disputes that have not otherwise been resolved to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial. Such disputes include, without limitation, disputes arising out of or relating to interpretation or application of this Policy, but not as to the enforceability or validity of the Policy or any portion of the Policy. The Policy also applies, without limitation, to disputes regarding, the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, or harassment and claims arising under the Uniform Trade Secrets Act; Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims (excluding workers compensation, state disability insurance and unemployment insurance claims). Claims arising under any law that permits resort to an administrative agency notwithstanding an agreement to arbitrate those claims may be brought before that agency as permitted by that law, including without limitation claims or charges brought before the National Labor Relations Board, the Equal Employment Opportunity Commission, and the United States Department of Labor. Nothing in this Policy shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

A neutral arbitrator shall be selected by mutual agreement of the parties. The location of the arbitration proceeding shall be in the general geographical vicinity of the place where the Employee last worked for the Company, unless each party to the arbitration agrees in writing otherwise. If for any reason the parties cannot agree to an arbitrator, either party may apply to a court of competent jurisdiction for appointment of a neutral arbitrator. The court shall then appoint an arbitrator, who shall act under this Policy with the same force and effect as if the parties had selected the arbitrator by mutual agreement.

A demand for arbitration must be in writing and delivered by hand or first class mail to the other party within the applicable statute of limitations period. Any demand for arbitration made to the Company shall be provided to the Company's Legal Department, 800 Douglas Road, IIth Floor, Coral Gables, Florida 33134. The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.

In arbitration, the parties will have the right to conduct civil discovery and bring motions, as provided by the forum state's procedural rules. However, there will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action, or in a representative or private attorney general capacity on behalf of a class of persons or the general public.

Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, the Company will pay the Arbitrator's and arbitration fees. If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties by the Arbitrator in accordance with said applicable law.

Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve and file with the Arbitrator a brief. The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in a court of law for the claims presented to and decided by the Arbitrator. The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. Except as may be permitted or required by law, neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

An Employee may submit a form stating that the Employee wishes to opt out and not be subject to this Policy. The Employee must submit a signed and dated Statement on a "Dispute Resolution Policy Opt Out" form ("Form") that can be obtained from the Company's Legal Department, 800 Douglas Road, 11 th Floor, Coral Gables, Florida 33134, by calling 305-406-1875. In order to be effective, the signed and dated Form must be returned to the Legal Department within 30 days of the Employee's receipt of this Policy. An Employee choosing to opt out will not be subject to any adverse employment action as a consequence of that decision.

This Policy is the full and complete policy relating to

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

the formal resolution of employment-related disputes. Nothing contained in this Policy shall be construed to prevent or excuse an Employee from utilizing the Company's existing internal procedures for resolution of complaints.

The Employee Acknowledgement states:

Each employee receiving this Handbook is required as a condition of his or her employment to acknowledge receipt of the Handbook by signing and dating this form where indicated and by returning the form to the Human Resources Contact.

I acknowledge that on the date recorded below I received the MasTec Employee Handbook ("Handbook"). I acknowledge that the Handbook describes the terms and conditions of my employment with MasTec and that I will review the Handbook immediately.

I understand that my employment with MasTec is at-will, meaning that it is not for a specified period of time. The employment relationship may be terminated at any time for any reason, with or without cause or notice, by me or the Company. I acknowledge that no oral or written statements or representations regarding my employment can alter the foregoing. Only the Chief Executive Officer and the Group President have the authority to modify the at-will employment relationship, and then only in writing, signed by either the CEO or the Group President.

I further acknowledge that the Handbook contains a Dispute Resolution Policy on pages 40-41. That Dispute Resolution Policy provides for final and binding arbitration of designated employment-related disputes. I will review the Dispute Resolution Policy immediately, and I understand I may discuss it with my private legal counsel should I so desire. I acknowledge that I have thirty (30) days from the date of my receipt of the Handbook to decide whether I wish to accept the Dispute Resolution Policy or to opt out of being bound by that Policy. If I choose to opt out I understand that I must return a signed and dated form to that effect to the Company's Legal Department within the 30-day period as provided in the Dispute Resolution Policy. If I do not return that form within the specified period of time, the Dispute Resolution Policy will apply to both MasTec and me.

Finally, I understand that the foregoing agreement concerning my employment-at-will status is the sole and entire agreement between me and MasTec concerning the duration of my employment and the circumstances under which my employment may be terminated. I further understand that this agreement supersedes all prior agreements, understanding, and representations concerning these issues.

### Analysis

The issue herein is whether the Respondent's Dispute Resolution Policy, together with the Employee Acknowledgement ("the opt out policy") violates Section 8(a)(1) of the Act. In support of this allegation, Counsel for the General Counsel cites *D.R. Horton*, 357 NLRB No. 184 (2012), where the Board found a similar, but not identical policy to violate Section 8(a)(1) of the Act. *Horton* is clearly distinguishable because the policy there included the prohibition precluding employees from filing joint, class or collective claims against the employer addressing wages, hours or working conditions in any forum, arbitral or judicial, including the Board. In addition, the *Horton* policy did not contain an opt out provision.

The Respondent's Dispute Resolution Policy states that all employment disputes with the Respondent must be resolved before an arbitrator, specifically including claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans with Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, and similar state or common law claims, but not including worker's compensation, state disability insurance, and unemployment insurance claims, while also allowing "claims arising under any law that permits resort to an administrative agency..." including the Board, the Department of Labor and the EEOC. However, the policy also prohibits class or collective actions and actions on behalf of a class of persons or the general public,

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

and prohibits the parties and the arbitrator from disclosing the existence, content or results of the arbitration without the prior consent of all parties to the arbitration. Finally, the policy and the Acknowledgement provides that employees may choose whether to accept or opt out of the policy, but in order to opt out, they must do so, in writing, within 30 days of receipt of the handbook setting forth the policy.

The Board has long held that concerted legal action addressing wages, hours and working conditions, whether in a courtroom setting, before an administrative agency, or through arbitration, represents protected concerted activities under Section 7 of the Act. *Horton, supra.*, at p. 2-3, and *Eastex, Inc. v. NLRB,* 437 U.S. 556, 565-566 (1978), where the Court stated, "'it has been held that the 'mutual protection' clause protects employees from retaliation by their employers when they seek to improve working conditions through resort to administrative and judicial forums." Respondent defends that even if *Horton* was decided correctly, and even if the Board had the authority to decide it, citing *New Process Steel, L.P. v. NLRB*, 130 S. Ct. 2635 (32010) and *Noel Canning v. NLRB*, 2013 U.S. App. LEXIS 1659 (D.C. Cir. January 25, 2013), the instant matter is "fundamentally different" from *Horton* because Respondent's policy had the opt out provision. Therefore, Respondent argues, this was not a *mandatory* prohibition as was the case in *Horton*: "Here the Charging Party had the right to opt out of the Policy within thirty days of his receipt of the Employee Handbook and, thereby, could have maintained the right to pursue claims in court- whether as an individual litigant *or as a participant in a class or collective action* [emphasis supplied] -if he so chose."

I find that Respondent's Dispute Resolution Policy, even with the opt out provision, violates Section 8(a)(1) for the following reasons. The Act grants to employees the right to engage in protected concerted activities without interference by his/her employer. As these rights are granted by the Act, an employer may not lawfully require its employees to affirmatively act (opt out, in writing, within thirty days of receipt of the Employee Handbook) in order to obtain or maintain these rights. *Ishikawa Gasket America, Inc.*, 337 NLRB 175-176 (2001). Further, employees who do opt out are unable to cooperate and engage in concerted activities with those employees who did not opt out; they cannot engage in class actions with them and, pursuant to the terms of the Policy, they cannot learn of the existence, content or results of prior arbitrations that the non-opt out employees were involved in. This would clearly put them at a disadvantage in their attempts to engage in concerted actions.

Finally, I find that some employees might be reluctant to exercise the opt out option for fear of angering their employer. Opting out requires the employee to obtain a Dispute Resolution Policy Opt Out form from the Respondent's Legal Department, and signing and returning it to the Legal Department within thirty days of receipt of the policy. Counsel for the Respondent, in his brief, argues that the opt-out procedure provides that the employee obtain the opt-out forms from the Respondent's legal department and return it to the same department, rather than his/her supervisor or manager; therefore, the supervisors and managers would not know which employees elected to opt-out. Further, the next to final paragraph of the Policy states that employees choosing to exercise their right to opt-out will not be subject to any adverse employment action for doing so. Regardless, employees choosing to exercise their right to opt-out, might have reason to fear the effects of doing so, even if the forms do not come from or go to their supervisor or manager. Whereas employees who do not opt out of the policy do nothing to signify that, those who opt out must affirmatively do so and may fear standing out for asserting their rights. Counsel for the Respondent in his brief also cites Court decisions upholding the class action waiver agreements allowing employees to either adopt or decline the provision; however, as Counsel for the General Counsel states in her brief, since the Board's decision in *D.R. Horton*, that issue is for the Board to decide, not the administrative law judge. I therefore find that Respondent's Dispute Resolution Policy violates Section 8(a)(1) of the Act.

**Conclusions of the Law**

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

1. Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

2. Jose R. Mas, Olga Lisa-Stone-Velez and David Pressley have been supervisors and/or agents of the Respondent within the meaning of Section 2(11) and 2(13) of the Act.

3. The Dispute Resolution Policy maintained by the Respondent violates Section 8(a)(1) of the Act.

### The Remedy

Having found that the Respondent has violated the Act by maintaining the Dispute Resolution Policy I recommend that Respondent be ordered to cease and desist from enforcing this policy, and to post the Board Notice set forth below at each of its locations where the Dispute Resolution Policy is in effect. Further, I recommend that Respondent be ordered to notify all arbitral and judicial panels where it has attempted to enjoin, or otherwise prohibit, employees from bringing or participating in class or collective actions, that it withdrawing these objections and that it no longer objects to such employee actions.

Upon the foregoing findings of fact, conclusions of law and based upon the entire record, I hereby issue the following recommended [FN2]

### ORDER

The Respondent, Mastec Services Company, Inc., its officers, agents, successors and assigns, shall

1. Cease and desist from:

(a) Maintaining or enforcing its Dispute Resolution Policy.

(b) In any like or related manner, interfering with, restraining or coercing employees in the exercise of their rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action designed to effectuate the policies of the Act:

(a) Notify all employees at locations where the Policy is in effect, that it will no longer maintain or enforce the provisions contained in the Dispute Resolution Policy referred to in the employee handbook that prohibits employees from bringing or participating in class or collective actions in an arbitral or judicial forum relating to wages, hours or terms and conditions of employment.

(b) Notify arbitral or judicial panels, if any, where the Respondent has attempted to enjoin or otherwise prohibit employees from bringing or participating in class or collective actions, that it is withdrawing those objections and that it no longer objects to such employee actions.

(c) Within 14 days after service by the Region, post at each of its facilities where the Dispute Resolution Policy is maintained or enforced, copies of the attached notice marked "Appendix." [FN3] Copies of the notice, on forms provided by the Regional Director for Region 16, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since January 26, 2012.

(d) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

**Dated, Washington, D.C. June 3, 2013**

Joel P. Biblowitz
Administrative Law Judge

[FN1]. Unless indicated otherwise, all dates referred to herein relate to the year 2012.

[FN2]. If no exceptions are filed as provided by Sec. 102.46 of the Board's Rules and Regulations, the findings, conclusions, and recommended Order shall, as provided in Sec. 102.48 of the Rules, be adopted by the Board and all objections to them shall be deemed waived for all purposes.

[FN3]. If this Order is enforced by a judgment of a United States court of appeals, the words in the notice reading "Posted by Order of the National Labor Relations Board" shall read "Posted Pursuant to a Judgment of the United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

### APPENDIX

### NOTICE TO EMPLOYEES

**Posted by Order of the National Labor Relations Board**

**An Agency of the United States Government**

**\*1** The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this Notice.

>   FEDERAL LAW GIVES YOU THE RIGHT TO
>       Form, join, or assist a union
>       Choose representatives to bargain with us on your behalf
>       Act together with other employees for your benefit and protection
>       Choose not to engage in any of these protected activities

**WE WILL NOT** maintain or enforce the Dispute Resolution Policy referred to in the Employees' Handbook as far as it prohibits you from bringing or participating in class or collective actions relating to your wages, hours or terms and conditions of employment in arbitrations or court actions and **WE WILL NOT** prohibit you from disclosing the existence, contents, or results of any arbitration that you participated in and **WE WILL** delete these provisions from our Employee Handbook.

**WE WILL NOT** in any like or related manner interfere with, restrain or coerce you in the exercise of your exercise of rights guaranteed you by law.

**WE WILL** notify any arbitral or judicial panel where we have attempted to prevent or enjoin you from commencing, or participating in, joint or class actions relating to wages, hours or other terms and conditions of employment that we are withdrawing our objections to these actions, and **WE WILL** no longer object to you bringing or participating in such class or collective actions.

### MASTEC SERVICES COMPANY, INC.

**(Employer**

**Dated** _____ **By** \_

**(Representative)**

**(Title)**

The National Labor Relations Board is an independent Federal agency created in 1935 to enforce the National Labor Relations Act. It conducts secret-ballot elections to determine whether employees want union representation and it investigates and remedies unfair labor practices by employers and unions. To find out more about your rights under the Act and how to file a charge or election petition,

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

you may speak confidentially to any agent with the Board's Regional Office set forth below. You may also obtain information from the Board's website: www.nlrb.gov.

819 Taylor Street, Room 8A24

Fort Worth, Texas 76102-6178

Hours: 8:15 a.m. to 4:45 p.m.

817-978-2921.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

THIS NOTICE MUST REMAIN POSTED FOR 60 CONSECUTIVE DAYS FROM THE DATE OF POSTING AND MUST NOT BE ALTERED, DEFACED, OR COVERED BY ANY OTHER MATERIAL. ANY QUESTIONS CONCERNING THIS NOTICE OR COMPLIANCE WITH ITS PROVISIONS MAY BE DIRECTED TO THE ABOVE REGIONAL OFFICE'S COMPLIANCE OFFICER, 817-978-2925.

2013 WL 2409181 (N.L.R.B. Div. of Judges)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.